IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS FERRERA,<br><br>            Plaintiff,<br><br>    v.<br><br>G. D. LEWIS, et al.,<br><br>            Defendants. | No. C 11-00019 SBA (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

   Plaintiff, currently incarcerated in the Secured Housing Unit (SHU) at Pelican Bay State Prison (PBSP), brings the instant pro se civil rights action under 42 U.S.C. § 1983 seeking injunctive and declaratory relief and damages.  Plaintiff has filed suit against fourteen defendants who are employed at PBSP, North Kern State Prison (NKSP) and/or California Correctional Institute--Tehachapi (CCI).  NKSP and CCI are institutions where Plaintiff was previously incarcerated.  The gravamen of Plaintiff's complaint is that he has been improperly validated as a gang member and has indefinitely been confined in the SHU on this basis, in violation of his constitutional rights.

   Plaintiff was previously granted leave to proceed in forma pauperis.  (Dkt. 5).

**BACKGROUND**

   Plaintiff's handwritten complaint is extremely difficult to decipher.  Though not entirely clear, Plaintiff appears to allege that there was agreement by prison officials, dated September 13, 2004, to exclude from Plaintiff's file various source items that had been submitted to validate him as a gang member.  Compl. at 3B.  Plaintiff claims this agreement was ignored by prison officials.

On February 14, 2008, while Plaintiff was incarcerated at NKSP, he was improperly validated as a gang member. On March 26, 2008, Plaintiff was transferred to CCI. At CCI, the grounds for Plaintiff's validation as a gang member were reviewed and he was informed that "he was a threat to the safety of others and to the security of the institution." Plaintiff disputed the source items that were used to validate him as a gang member, but he was told they were "good enough to be used."

On March 9, 2009, Plaintiff was transferred to PBSP. At an initial review of his file, PBSP employee "M.A. Cook" stated that the "ICC" was not responsible for "reviewing source items or their reliability" and that Plaintiff would be placed in the SHU, even though Cook could not explain why he was doing so. Compl. at 3D. Plaintiff alleges that Cook's actions violated his constitutional rights. In addition, Plaintiff alleges that "N. Grannis," who is a supervisor in charge of inmate appeals, should have been aware of and familiar with the agreement of September 23, 2004. Finally, Plaintiff alleges that the Chief of Inmate Appeals and the "Director" who "issued a memo dated May 10, 2005," are liable because they are responsible for the actions of their employees.[1]

Specifically, Plaintiff claims that: (1) his due process rights were violated because he was committed to the SHU without an adequate hearing; (2) his Eighth Amendment rights to be free from cruel and unusual punishment were violated because he is being subjected to sensory deprivation and indeterminate segregation for a prison gang classification that Defendants knew to be false; and (3) his rights under the Equal Protection Clause were violated because he was validated as a gang member on the basis of his race and class.

**DISCUSSION**

**A.  Legal Standard for Review of Complaint**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[1] The Court presumes that Plaintiff is referring to the Director of the California Department of Corrections and Rehabilitation (CDCR).

entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. There is no liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

**B.   Venue**

Venue is proper in this district for the claims against the defendants who are employed at PBSP because a substantial part of the events giving rise to those claims occurred in this district. 28 U.S.C. § 1391(b).[2] However, NKSP and CCI are located in Kern County, which is in the Eastern District of California. Venue is improper as to the claims against the defendants working at these institutions. Therefore, the claims against these defendants are

---

[2] Under 28 U.S.C. § 1391(b), venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

3

1 dismissed without prejudice to Plaintiff filing a complaint against them in the proper venue. See 28 U.S.C. § 1406 (court may dismiss or transfer claims where venue is improper).

### C. Legal Claims

#### 1. Due Process Claim

The Due Process Clause itself does not create a constitutional right to be free from placement in administrative segregation. Hewitt v. Helms, 459 U.S. 460, 468 (1983). A state law or regulation, however, may create a liberty interest in freedom from administrative segregation. Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1986) (California statutes and prison regulations create a liberty interest in freedom from administrative segregation). Such an interest will be protected by constitutional guarantees of due process if it is of "real substance." Sandin v. Conner, 515 U.S. 472, 478-86 (1995); Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996). An interest of "real substance" is generally one that protects a prisoner from deprivations that (1) impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or (2) "will inevitably affect the duration of [a] sentence." Sandin, 515 U.S. at 484, 487.

Plaintiff alleges that his placement for an indeterminate term in the PBSP SHU constitutes such an atypical hardship. He also alleges that he was confined to the SHU without an adequate hearing and based on unreliable evidence. His allegations, liberally construed, state a cognizable claim that he was denied a state-created liberty interest without due process against Defendant M. A. Cook.

Plaintiff's allegations against Grannis that he knew about the September 23, 2004 agreement fails to state a claim. First, Plaintiff fails to adequately describe the provisions of the September 23, 2004 agreement. Without that information, it is not possible to ascertain what effect, if any, such agreement had with respect to Plaintiff's gang validation. Second, in order to hold Grannis, or any other supervisor, liable for a constitutional deprivations, Plaintiff must allege facts affirmatively linking him to the violation. Rizzo v. Goode, 423 U.S. 362, 371-72 (1976); Leer, 844 F.2d at 631. The mere fact that Grannis may have

1  supervised the individuals responsible for an alleged violation is insufficient to establish
2  liability under section 1983. A defendant may only be held liable in a supervisory capacity if
3  he "participated in or directed the violations, or knew of the violations and failed to act to
4  prevent them." Taylor, 880 F.2d at 1045. Because the Complaint fails to allege any facts
5  linking Grannis to any constitutional deprivation, Plaintiff's putative claims against Granis
6  are dismissed.

7  Likewise, Plaintiff's respondeat superior claim against the Chief of Inmate Appeals
8  and the Director of the CDCR are dismissed because there is no respondeat superior liability
9  under section 1983. See Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) ("[T]here is
10 no pure respondeat superior liability under § 1983, [and] a supervisor [may only be held]
11 liable for the constitutional violations of subordinates 'if the supervisor participated in or
12 directed the violations, or knew of the violations and failed to act to prevent them.'").
13 Plaintiff is granted leave to amend as to Grannis, the Chief of Inmate Appeals and the
14 Director of the CDCR.[3]

15 Finally, because Plaintiff's handwriting makes his complaint difficult to read and
16 because he groups all the named Defendants together, it is unclear if he is attempting to sue
17 any other PBSP employees for violating his due process rights. For this reason, Plaintiff's
18 due process claim is dismissed with leave to amend for him to specify the particular PBSP
19 employees he is suing and to specifically allege the conduct of each Defendant that violated
20 his constitutional rights.

21 **2.  Eighth Amendment Claim**

22 "[T]he transfer of an inmate to less amenable and more restrictive quarters for
23 nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a
24 prison sentence." Hewitt, 459 U.S. at 468). An indeterminate sentence in administrative
25 segregation, without more, does not constitute cruel and unusual punishment in violation of

---

[3] In his amended complaint, Plaintiff must identify the Chief of Inmate Appeals and the Director of the CDCR by name.

the Eighth Amendment.  Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995); Toussaint v. Yockey, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984).

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  Id.

Plaintiff's bare allegation that he is subject to an indeterminate sentence in the SHU is insufficient to state an Eighth Amendment claim.  While Plaintiff's allegation that he has been subjected to sensory deprivation may constitute a condition that is more severe than that which is ordinarily experienced in the SHU, he fails to name any individuals who allegedly subjected him to such deprivation.  Nor has Plaintiff alleged any facts showing that such actions were undertaken with deliberate indifference to his health or safety.  This claim is dismissed with leave to amend.

### 3. Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.  Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class.  Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003); see also Byrd v. Maricopa

Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed). Proof of a discriminatory intent or purpose is required to show an equal protection violation based on race. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 193-94 (2003).

Plaintiff alleges that Defendants impermissibly validated him as a gang member based on his race and class in violation of the Equal Protection Clause. Plaintiff fails to allege his racial identity or the class of which he is a member. Nor does he allege any particular facts showing that his purported classification was intentionally discriminatory. Therefore, Plaintiff's Equal Protection claim is dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's claims against Defendants who are employed at NKSP and CCI are DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to allege such claims in a complaint filed in the Eastern District of California.

2. Plaintiff's Eighth Amendment and Equal Protection claims are DISMISSED WITH LEAVE TO AMEND, as set forth above.

3. Plaintiff's due process claims against Defendant Grannis, the Supervisor of Inmate Appeals and the Director of the CDCR are DISMISSED WITH LEAVE TO AMEND, as set forth above.

4. Plaintiff's claim against Defendant Cook is cognizable. However, the Court defers service of such claim until such time as Plaintiff has filed an amended complaint and the Court has had the opportunity to review the sufficiency of Plaintiff's amended claims.

5. The amended pleading must be in the Court's civil rights complaint form and must include the caption and civil case number used in this Order -- No. C 11-0019 SBA (PR) -- and the words AMENDED COMPLAINT on the first page. **Failure to file a proper**

7

**amended complaint within twenty-eight (28) days of the filing date of this Order will result in the dismissal of all claims with the exception of the due process claim against <u>Cook</u>.** If Plaintiff does not file an amended complaint within thirty days, the due process claim against Cook shall proceed. **Plaintiff must write his complaint <u>clearly and legibly</u>.**

6. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

DATED: <u>2/7/13</u>

          *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS FERRERA, | Case Number: CV11-00019 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| G.D. LEWIS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chris C. Ferrera E-30526
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95530

Dated: February 8, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Ferrera0019.DWLA--revised.wpd

9